ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2021 SEP -3  AM 9: 53

DEPUTY CLERK_____ mb

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:19-CR-00158-N |
| v. | |
| TYJUAN TRUNDUNTE CLARK (01) | |

## FACTUAL RESUME

In support of Tyjuan Trundunte Clark's plea of guilty to the offense in Count One of the Superseding Information, Clark, the defendant, Stephen J. Green, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. § 846, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That two or more persons, directly or indirectly, reached an agreement to possess with the intent to distribute a mixture or substance containing a detectable amount of fentanyl, a controlled substance, as charged in the Superseding Information;

*Second.*  That the defendant knew of the unlawful purpose of the agreement; and

*Third.*  That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

---

[1] Fifth Circuit Pattern Jury Instruction (Criminal) 2.97 (2019).

Factual Resume—Page 1

The elements of possession with intent to distribute a controlled substance, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), are as follows:[2]

*First.*     That the defendant knowingly possessed a controlled substance, as charged in the Superseding Information;

*Second.*     That the substance was in fact a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance; and

*Third.*     That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## STIPULATED FACTS

1. Beginning sometime in 2018, the exact date being unknown, and continuing through on or about March 5, 2019, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, Tyjuan Trundunte Clark, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown, to possess with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. § 841(b)(1)(C).

2. On March 5, 2019, law enforcement executed a search warrant at Clark's residence located on S. Marsalis Avenue, in Dallas, Texas. During the execution of the

---

[2] Fifth Circuit Pattern Jury Instruction (Criminal) 2.95A (2019) and 21 U.S.C. § 841(a)(1) and (b)(1)(C).

search warrant, law enforcement found and seized the following: approximately 9,000 pills weighing over 3.5 kilograms, purported by appearance to be hydrocodone and oxycodone, when in fact, they contained a detectable amount of fentanyl; and $9,314.00 and $11,980.00 in U.S. currency[3]; among other items.

3. Clark admits that during the period of the conspiracy, he possessed with the intent to distribute to other individuals the pills containing fentanyl that were seized on March 5, 2019, which were supplied to him by codefendant Terrill Antwaun Ray. Moreover, during the period of the conspiracy, Clark admits that he received additional quantities of controlled substances that were purported by appearance to be hydrocodone and oxycodone from Ray, which Clark, in turn, distributed to other individuals.

4. The defendant stipulates that fentanyl is a Schedule II controlled substance.

5. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose

[Nothing further on this page.]

---

[3] As per the Plea Agreement, the defendant is not contesting the forfeiture of the property noted as subject to forfeiture in the Superseding Information and Superseding Indictment. By consenting to forfeiture, however, Clark is not conceding the conversion of that money, a combined total of $21,294.00, into drug proceeds for sentencing guideline purposes.

of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 2nd day of September, 2021.

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

TYJUAN TRUNDUNTE CLARK
Defendant

STEPHEN J. GREEN
Attorney for Defendant

LINDA REQUENEZ
Assistant United States Attorney
Texas State Bar No. 00795609
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8773
Email: Linda.Requenez@usdoj.gov