ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2023 FEB 10  PM 3:57
DEPUTY CLERK ___mb___

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:19-CR-00158-N |
| v. | |
| TERRILL ANTWAUN RAY (02)<br>a.k.a. Terrill Antwuan Ray | |

## FACTUAL RESUME

In support of Terrill Antwaun Ray's plea of guilty to the offense in Count One of the Superseding Information, Ray, the defendant, Kambira Jones Morgan and Craig Watkins, the defendant's attorneys, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 21 U.S.C. § 846, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*     That two or more persons, directly or indirectly, reached an agreement to possess with the intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (fentanyl), a controlled substance, as charged in the Superseding Information;

*Second.*     That the defendant knew of the unlawful purpose of the agreement; and

*Third.*     That the defendant joined in the agreement willfully, that is, with the

---

[1] Fifth Circuit Pattern Jury Instruction (Criminal) 2.97 (2019).

intent to further its unlawful purpose.

The elements of possession with intent to distribute a controlled substance, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), are as follows:[2]

*First.*   That the defendant knowingly possessed a controlled substance, as charged in the Superseding Information;

*Second.*   That the substance was in fact a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (fentanyl), a Schedule II controlled substance; and

*Third.*   That the defendant possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## STIPULATED FACTS

1. Beginning in or about June 2018, the exact date being unknown, and continuing through on or about May 20, 2019, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, Terrill Antwaun Ray, a.k.a. Terrill Antwuan Ray, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown, to possess with the intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (fentanyl), a Schedule II controlled substance, in violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. § 841(b)(1)(C).

---

[2] Fifth Circuit Pattern Jury Instruction (Criminal) 2.95A (2019) and 21 U.S.C. § 841(a)(1) and (b)(1)(C).

2. On January 11, 2019, law enforcement executed a search warrant at Ray's then residence located at 300 W. Wintergreen Road, Apartment 111, in DeSoto, Dallas County, Texas. During the execution of the search warrant, numerous items were found and seized, including more than 28,000 counterfeit tablets weighing over 12.5 kilograms, purported by appearance to be hydrocodone or oxycodone, when in fact, they contained a detectable amount of fentanyl; approximately 1,150 tablets containing a detectable amount of methamphetamine weighing approximately 388 grams; as well as other controlled substances.

3. Additionally, on March 5, 2019, law enforcement executed a search warrant at Tyjuan Trundunte Clark's residence, located on S. Marsalis Avenue, in Dallas, Texas. During the execution of the search warrant, numerous items were found and seized, including approximately 9,000 counterfeit tablets weighing over 3.5 kilograms, that purported by appearance to be hydrocodone or oxycodone, when in fact, they contained a detectable amount of fentanyl; and more than 600 tablets containing a detectable amount of methamphetamine weighing approximately 189 grams.

4. Ray admits he was the source of supply for the counterfeit tablets containing fentanyl and methamphetamine which were seized on March 5, 2019 from codefendant Clark, and he was aware that the controlled substances were intended for further distribution to other individuals.

5. Beginning in or about March 2019, the exact date being unknown, and continuing through on or about May 20, 2019, Ray began using codefendant Donnandez Decarlo Potts' residence, located at 6028 the Golden Gate Circle, Dallas, Texas, to store,

package and distribute counterfeit tablets that were purported by appearance to be hydrocodone or oxycodone, when in fact, they contained a detectable amount of fentanyl. Furthermore, on May 20, 2019, law enforcement executed a search warrant at the Golden Gate Circle residence. During the execution of the search warrant, law enforcement found and seized the following, among other items: more than 105,000 counterfeit tablets weighing over 38.5 kilograms, that purported by appearance to be hydrocodone or oxycodone, when in fact, they contained a detectable amount of fentanyl; a pill/tablet counter; an electromagnetic foil capping machine; hundreds of empty plastic pill/tablet bottles; and $426.93 and $10,550.00 in U.S. currency. They also seized two firearms, one of which was found in the same room and in close proximity to the controlled substances, that is, a Spike's Tactical, 7.62x39 millimeter caliber rifle. The second firearm was an SCCY, model CPX-2, 9mm caliber pistol, bearing serial number 367412. Ray admits and agrees he constructively possessed the Spike's Tactical rifle that was found in the room with the controlled substances.

6.  Ray admits that during the period of the conspiracy, he distributed and possessed with the intent to distribute counterfeit tablets that purported by appearance to be hydrocodone or oxycodone, when in fact, they contained a detectable amount of fentanyl, as well as other controlled substances to codefendant Tyjuan Trundunte Clark and other individuals, knowing they would be further distributed to other individuals.

7.  Ray stipulates that he distributed and possessed with the intent to distribute to other individuals more than 142,000 counterfeit tablets weighing more than 54 kilograms, that purported by appearance to be hydrocodone or oxycodone, when in fact,

they contained a detectable amount of fentanyl, and that N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide (fentanyl) is a Schedule II controlled substance.

8. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 8th day of February, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
TERRILL ANTWAUN RAY
Defendant

_____
KAMBIRA JONES MORGAN
Attorney for Defendant

_____
LINDA REQUENEZ
Assistant United States Attorney
Texas State Bar No. 00795609
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8773
Email: Linda.Requenez@usdoj.gov